16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Howard Paul MALLARD, Defendant-Appellant.
 No. 93-5327.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: Dec. 10, 1993.
Decided: Jan. 6, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-92-493-A)
 Thomas K. Cullen, Alexandria, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, Evangelina M. Almirantearena, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Howard Paul Mallard was convicted by a jury of theft of government property, 18 U.S.C. Sec. 641 (1988), and was sentenced to six months imprisonment. He appeals his conviction and sentence, contending that the district court abused its discretion in admitting evidence that he had previously pawned computer equipment stolen from Andrews Air Force Base, and clearly erred both in determining the amount of loss and in finding that he had not accepted responsibility for his criminal conduct.[1] We affirm.
 
 
 2
 In September and October 1992, Mallard worked under contract at the Pentagon as a civilian computer technician. After he resigned or was terminated by his company on October 27, 1992, various items of computer equipment were found to be missing from the office where he had worked in the Pentagon. The equipment was discovered at Mallard's home during a consensual search on October 30, 1992. It consisted of two modems, two hard disk drives, two option keys, a server key, two transceivers, twenty-three diskettes belonging to an Army National Guard Officer, and a box of computer and networking parts.
 
 
 3
 The government sought to introduce, as part of its case-in-chief, evidence that Mallard had pawned computer equipment to which he had access while he worked under contract at Andrews Air Force Base some months earlier. There was no evidence as to who had stolen it. The district court initially ruled that the evidence was too remote, uncertain, and vague to be admissible under Fed.R.Evid. 404(b). However, after Mallard testified that he took the computer equipment home to make repairs on it, and had intended to return it to the Pentagon, the district court allowed the government to go into the Andrews Air Force Base incident during its cross-examination of Mallard and its rebuttal.
 
 
 4
 Rule 404(b) permits the introduction of evidence of other bad acts to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. This Court regards it as an inclusive rule which allows admission of evidence of any acts relevant to a trial issue except that which shows only criminal disposition. United States v. Hernandez, 975 F.2d 1035, 1038 (4th Cir.1992) (quoting United States v. Watford, 894 F.2d 665 (4th Cir.1990). Under the test set out in United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988), evidence of other bad acts must be relevant, necessary, and reliable. The district court's decision to admit Rule 404(b) evidence is reviewed for abuse of discretion. Hernandez, 975 F.2d at 1038.
 
 
 5
 Once Mallard testified that he had taken the equipment home from the Pentagon to save time in doing repairs on it, and intended to return everything investigators found there, the government's evidence that Mallard had previously pawned computer equipment stolen from the government became highly relevant, and necessary to rebut his stated reason for taking the equipment to his home.[2] It appears, from the scanty record of the trial presented on appeal, that the government proved the prior incident through the testimony of the pawnshop owner who dealt with Mallard. Such evidence is sufficiently reliable. A prior conviction is not required.
 
 
 6
 Although the district court did not rule specifically on admissibility of the evidence under Rule 403, we find no plain error because the parties addressed the probative and prejudicial effect of the evidence in their pretrial memoranda, and the district court clearly gave the matter careful consideration. A specific ruling is not necessary if the record as a whole discloses appropriate judicial weighing. Hernandez, 975 F.2d at 1041. The evidence was probative, without being unduly prejudicial. It was helpful to the government's case, but a conviction could likely have been obtained without it, given that Mallard had been notified that he was not authorized to remove equipment from the Pentagon, and was no longer employed there when the missing equipment was found in his home.
 
 
 7
 During the sentencing phase, Mallard contested the value of the stolen items recommended in the presentence report. The district court agreed that the recommended amount was too high, and relied instead on the values provided in the trial testimony of Mallard's supervisor at the Pentagon. The court found that the total value of the stolen items was between $20,000 and $40,000, and reduced Mallard's offense level from eleven to ten. We find no clear error in the district court's determination. Loss need not be precisely determined, and may be inferred from any reasonably reliable information available. U.S.S.G. Sec. 2B1.1, comment. (n.2).
 
 
 8
 Last, the district court did not clearly err in refusing an adjustment for acceptance of responsibility. Although Mallard admitted the conduct comprising the offense, he denied factual guilt, putting the government to its burden of proof at trial and continuing to assert his factual innocence at sentencing. He thus did not qualify for the reduction. U.S.S.G. Sec. 3E1.1, comment. (n.2).
 
 
 9
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, Secs. 2B1.1, 3E1.1 (Nov.1992)
 
 
 [2]
 His case is thus different from Hernandez, on which he relies, where evidence of the defendant's prior crack sales in another city was introduced during the government's case-in-chief. The defendant in Hernandez flatly denied making the drug sale with which she was charged, but did not deny making the prior sales. This Court held that evidence of the prior drug sales had little relevance to the defendant's guilt on the offense charged. 975 F.2d at 1039-40